Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISON

| | |
|---|---|
| PAUL SAPAN,<br><br>              Plaintiff,<br><br>     vs.<br><br>CELEBRATION CRUISE LINE, LLC, a Florida Limited Liability Company, CHARLES KINNEAR, an individual, EDWARD N. LEVITAN, an individual, CARIBBEAN CRUISE LINE, INC. a Florida Corporation, ROBERT MITCHELL, an individual,<br><br>              Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991 Trespass to Chattel Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

- 1 -

Complaint

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2.      Defendant CELEBRATION CRUISE LINE, LLC ("Celebration Cruise Line") is, and at all times herein mentioned was, a Florida Limited Liability Company, doing business in the County of Los Angeles, State of California.

3.      Defendant CHARLES KINNEAR is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

4.      Defendant EDWARD N. LEVITAN is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

5.      Defendant CARIBBEAN CRUISE LINE, INC. ("Caribbean Cruise Line") is, and at all times herein mentioned was, a Florida Corporation, doing business in the County of Los Angeles, State of California.

6.      Defendant ROBERT MITCHELL is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

7.     This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, --U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.     At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

9.     A master call log which categorizes all of the calls by violation and phone number are attached hereto as Exhibit 1 and is incorporated herein as set forth verbatim.

### CALLS TO MR. SAPAN'S RESIDENTIAL NUMBER (310-444-1999)

10.     Defendants made three (3) prerecorded calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch a free cruise package on the following dates and times and using the following Caller ID ("CID") number:

- March 7, 2012 at 1:19 pm, CID 502-873-0294

- April 25, 2012 at 9:07 am, CID 503-468-5935

- June 20, 2013 at 7:01 pm, CID 206-777-1016

11.   Defendants made five (5) live calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch a free cruise package on the following dates and times and using the following Caller ID ("CID") number:

- June 21, 2013 at 6:02 pm, CID 561-279-3713

- June 21, 2013 at 8:30 pm, CID 561-279-3713

- December 18, 2013 at 6:39 pm, CID 305-507-8752

- April 9, 2014 at 7:10 pm, CID 305-507-8752

- July 22, 2014 at 11:16 am, CID 213-375-0934

12.   Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission ("FTC") from December 23, 2007 to the present.

13.   While each of the calls complained of above used the same Caller ID number, none of them transmitted any Caller ID name information as required by law.  47 C.F.R. § 64.1601(e).

14.   On March 7, 2012 at 1:19 pm Defendants called Mr. Sapan from CID 502-873-0294.

Complaint

15.     During the call a robotic voice instructed Mr. Sapan to press "1" about taking a political survey.

16.     After pressing "1", Mr. Sapan was connected with "Daniel" of Caribbean Cruise Lines.

17.     After making the swift shift from politics to cruise packages, Daniel provided Mr. Sapan with his corporate identification number, UA241.

18.     After "Daniel" provided Mr. Sapan with his corporate ID number, he attempted to get credit card information from Mr. Sapan.

19.     Mr. Sapan had heard enough, and asked "Daniel" not to call him.

20.     On April 25, 2012 at 9:07 am Defendants called Mr. Sapan from CID 503-468-5935.

21.     During the call a robotic voice instructed Mr. Sapan to press "1" about taking a political survey.

22.     The message followed the same format as the first call.

23.     Mr. Sapan feigned interest by pressing "1" to determine the nature of the caller.

24.     Once again, "Daniel" of Caribbean Cruise Lines came on the line to pitch Mr. Sapan a cruise package.

25.     Mr. Sapan instructed "Daniel" not to call him.

Complaint

26.    On June 20, 2013 at 7:01 pm Defendants called Mr. Sapan from CID 206-777-1016.

27.    During the call, a robotic voice instructed Mr. Sapan he would win a free cruise if he answered a survey.

28.    Mr. Sapan pressed "1" to receive a call back in order to find out who was calling him.

29.    "Jeffrey" of "Royal Bahama Cruise Lines" called Mr. Sapan attempting to pitch Mr. Sapan a cruise line package.

30.    Mr. Sapan feigned interest and asked for more information regarding his company.

31.    "Jeffrey" emailed Mr. Sapan his company's information.

32.    Mr. Sapan performed a Google Search and determined that Royal Bahama Cruise Lines is a fictitious business name  used by Defendant Caribbean Cruise Line.

33.    On June 21, 2013 at 6:02 pm Defendants called Mr. Sapan's home telephone from CID 561-279-3713.

34.    Mr. Sapan did not answer this call, but the CID matches the call back number that "Jeffrey" provided Mr. Sapan during the third alleged call.

35.    Shortly after, on June 21, 2013 at 8:30 pm Defendants called Mr. Sapan's home telephone from CID 561-279-3713.

36.     Mr. Sapan did not answer this call, but the CID matches the call back number that "Jeffrey" provided Mr. Sapan during the third alleged call. CID also matches fourth alleged call Mr. Sapan did not answer.

37.     On December 18, 2013 at 6:39 pm Defendants called Mr. Sapan from CID 305-507-8752.

38.     Mr. Sapan did not answer the phone. He did however; call the number back and someone from Royal Bahama Cruise Line answered the phone.

39.     Plaintiff alleges on information and belief that for all calls he did not answer, Defendants were calling his residential phone line with the intent to sell cruise line packages.

40.     On April 9, 2014 at 7:10 pm Defendants called Mr. Sapan's home telephone from CID 305-507-8752.

41.     During the call "Greg" with Royal Bahama Cruise Lines attempted to inform Mr. Sapan he had won a free cruise.

42.     "Greg" gave his website as royalbahamacl.com. Mr. Sapan said he was not interested.

CALLS TO MR. SAPAN'S WIRELESS NUMBER (510-333-7473)

43.     Defendants made four (4) prerecorded calls and one (1) live call to PAUL SAPAN's cellular phone number (510-333-7473) wherein they tried to

- 7 -

Complaint

pitch a free cruise package on the following dates and times and using the following Caller ID ("CID") number:

- February 27, 2014 at 10:18 am, CID 310-256-3792

- May 8, 2014 at 7:04 pm, CID 310-570-2021

- May 9, 2014 at 11:01 am, CID 310-570-2021

- July 22, 2014 at 9:27 am, CID 213-407-6426

- July 22, 2014 at 11:16 am, CID 213-375-0934

44.     Mr. Sapan's cellular phone (510-333-7473) was listed on the FTC's "Do Not Call" registry at the time of the each of the calls listed above.

45.     On February 27, 2014 at 10:18 am Defendants called Mr. Sapan's cellular phone from CID 310-256-3792.

46.     During the call, a robotic voice named "Jennifer" came on the line pitching a free cruise.

47.     Mr. Sapan went along with the sales pitch until he was connected with Miranda Wilson of Caribbean Cruise line.

48.     Familiar with the identity and nature of the call, Mr. Sapan hung up the phone.

49.     On May 8, 2014 Defendants called Mr. Sapan's cellular phone number from CID 310-570-2021.

50.     Mr. Sapan did not answer.

Complaint

51.     Although Mr. Sapan did not answer this call, at least one call was made from the same CID where Defendants identified themselves with Caribbean Cruise line.

52.     Plaintiff alleges on information and belief that for all calls he did not answer, Defendants were calling his cellular phone line with the intent to sell cruise line packages.

53.     On May 9, 2014 at 11:01 am, Defendants called Mr. Sapan's cellular phone number from CID 310-570-2021.

54.     During the call, a robotic voice named "Jennifer" came on the line pitching a free cruise.

55.     Mr. Sapan went along with the sales pitch in order to find out who was behind the call.

56.     Mr. Sapan was connected with an unnamed person identifying themselves with Caribbean Cruise Lines.

57.     Mr. Sapan said he was not interested and hung up.

58.     On July 22, 2014 at 9:27 am Defendants called Mr. Sapan's cellular phone from CID 213-407-6426.

59.     During the call, a robotic message informed Mr. Sapan that he had won a free cruise for answering a survey.

Complaint

60.     Mr. Sapan followed a voice prompt that instructed him to press "1" or "2" to a variety of personal, financial questions.

61.     Mr. Sapan hung up the phone.

62.     Shortly after, On July 22, 2014 at 11:16 am Defendants called Mr. Sapan's cellular phone number from CID 213-375-0394.

63.     During the call an unidentified representative from Caribbean Cruise Lines called Mr. Sapan back in order to pitch him a free cruise package.

64.     Mr. Sapan told them to Do-Not-Call.

 TEXT MESSAGE TO MR. SAPAN'S CELLULAR NUMBER (310-857-8984)

65.     On November 24, 2014 Defendants transmitted a text message to Mr. Sapan's cellular phone number.

66.     The contents of the text message instructed Mr. Sapan to call 407-476-0975.

67.     Mr. Sapan called back the number to find out who was calling him.

68.     During the call Mr. Sapan was connected with Jill Smith of Caribbean Cruise Lines who gave her employee id number as KB# 118860.

69.     "Jill Smith" began pitching a Bahamas cruise to Mr. Sapan.

70.     Mr. Sapan said he was not interested and hung up the phone.

71.     Mr. Sapan's cellular phone (310-857-8984) was listed on the FTC's "Do Not Call" registry at the time of the call listed above.

Complaint

## GENERAL LIABILITY AND AGENCY ALLEGATIONS

72.     None of the recordings complained of identify who was calling to offer these cruise packages as required by the California Consumer Legal Remedies Act.

73.     The Florida Secretary of State business filings webpage lists Robert Mitchell as President and Director of Defendant Caribbean Cruise Line, Inc.

74.     An ABC news article confirms that Caribbean Cruise Line does not actually own a cruise ship as stated in their sales pitch to Mr. Sapan.  (http://abcnews.go.com/US/woman-missing-celebration-cruise/story?id=15820626).

75.     The owner of the ship is Celebration Cruise Line, LLC.

76.     Plaintiff pleads on information and belief that Defendant Caribbean Cruise Line, Inc. acts in a third party agent capacity to solicit potential consumers with cruise packages on behalf of Defendant Celebration Cruise Line, LLC.

77.     The Florida Secretary of State Business Filings lists Defendants Charles Kinnear and Edward N. Levitan as the primary and only managers of Defendant Celebration Cruise Line, LLC.

78.     Charles Kinnear's Linkedin profile page lists him as President of Celebration Cruise Line, LLC.

79.     Edward N. Levitan's Linkedin profile page lists him as executive Vice President and Chief Executive Officer of Celebration Cruise Line, LLC.

Complaint

80.    Defendant Robert Mitchell  is, and at all times herein mentioned was, the owner of Defendant Caribbean Cruise Line, Inc.

81.    Defendant Edward N. Levitan is, and at all times herein mentioned was, a managing member of Defendant Celebration Cruise Line, LLC.

82.    Defendant Charles Kinnear is, and at all times herein mentioned was, a managing member of Defendant Celebration Cruise Line, LLC.

83.    No other persons are listed in any publicly available document as owners, executive officers, or managing members of Defendant Celebration Cruise Line, LLC or Defendant Caribbean Cruise Line, Inc.

84.    Plaintiff alleges on information and belief that Defendants Robert Mitchell, Edward N. Levitan, and Charles Kinnear made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or were willfully and recklessly ignorant of the fact their company was making the calls described above.

85.    Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

Complaint

# FIRST CAUSE OF ACTION

[Violation of Telephone Consumer Protection Act of 1991
For Three (3) Prerecorded Calls To Residential Landline]

86.     Plaintiff  realleges all paragraphs above and incorporates them herein by reference.

87.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

88.     Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

89.     Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made for any emergency purpose,

Complaint

nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

90.     Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b)(1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991
For All Thirteen (13) Calls To Numbers On The Do Not Call Registry]

91.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

92.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

93.     Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her

Complaint

telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

94.     At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

95.     Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

96.     Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## THIRD CAUSE OF ACTION
[Violation(s) of California Civil Code § 1770 (a) (22) (A)
For All Seven (7) Prerecorded Telesolicitation Calls]

97.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

98.     California Civil Code § 1770 (a) (22) (A) requires that all recorded messages disseminated within the state be introduced by a live, natural voice giving the name of the entity calling, the name of the entity being represented, an address or phone number for that entity, and asking permission to play the recording.  Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to comply with this requirement.

99.     As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

100.   Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

101.   Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

102.   Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

## FOURTH CAUSE OF ACTION

[Violation of Telephone Consumer Protection Act of 1991
For Five (5) Autodialed/Prerecorded Calls to a Cell Phone]

103.   Plaintiff re alleges all paragraphs above and incorporates them herein by reference.

104.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

105.   Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "Make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a paging service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

106.   Defendants have been calling Plaintiff's number assigned to wireless cellular phone service, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are only the calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery,  that it is quite likely that Defendant

Complaint

has made many more violative calls to Plaintiff's number assigned to wireless

cellular phone service.  These calls were not made for any emergency purpose, nor

were these calls exempt under subdivision (c) of section 64.1200 of title 47 of the

Code of Federal Regulations.

107.   Subdivision (b)(3) of section 227 of title 47 of the United States Code

permits a private right of action in state court for violations of 47 U.S.C. §227 (b)

(1) (A) (iii).  Plaintiff may recover $500.00 for each violation, or both.  If the court

finds that defendants' violations were willful or knowing, it may, in its discretion,

award up to three times that amount.

## FIFTH CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991
For One (1) Autodialed/Prerecorded Text Message to a Cell Phone]

108.    Plaintiff re alleges all paragraphs above and incorporates them herein

by reference.

109.   Plaintiff is bringing this action pursuant to the provisions of the

Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R.

§64.1200 – "TCPA").

110.   Subdivision (b) (1) (A) (iii) of Section 227 of Title 47 of the United

States Code makes it unlawful for any person to "Make any call (other than a call

made for emergency purposes or made with the prior express consent of the called

party) using any automatic telephone dialing system or an artificial or prerecorded voice...to any telephone number assigned to a paging service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

111.   Defendants have been text messaging Plaintiff's number assigned to wireless cellular phone service, using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These text message is the only known text message to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery,  that it is quite likely that Defendant has made many more violative text messages to Plaintiff's number assigned to wireless cellular phone service.  This text message were not made for any emergency purpose, nor were these calls exempt under subdivision (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

112.   Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (A) (iii).  Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

Complaint

## SIXTH CAUSE OF ACTION
### [Trespass to Chattel – All Thirteen (13) Calls]

113.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

114.   The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

115.   At no time did Plaintiff consent to this trespass.

116.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 4% of his monthly phone bills in June of 2013 since Defendants calls constituted 4% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

117.   In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## SEVENTH CAUSE OF ACTION
### [Engaging in Unfair Business Practices – All Thirteen (13) Calls]

118.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

119.   Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business

Complaint

and Professions Code.

120.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 4% of his monthly phone bills in June  of 2013 since Defendants calls constituted 4% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

121.   Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

### SUMMARY OF TCPA CAUSES OF ACTION

|  | 47 U.S.C. § 227 (b)(1)(B) ($500/1500 per violation) | 47 U.S.C. § 227 (b)(1)(a)(iii) ($500/1500 per violation) | 47 U.S.C. § 227 (c)(5) ($500/1500 per violation) |
|---|---|---|---|
| 3 Prerecorded to Residential Landline | 3 |  | 3 |
| 4 Live to Residential Landline |  |  | 4 |
| 5 Autodialed to Cell Phone |  | 5 | 5 |
| 1 Text Mssg (Autodialed) to Cell Phone |  | 1 | 1 |
| **TOTAL STATUTORY VIOLATIONS** | **3** | **6** | **13** |

Complaint

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

     1.    For an award of $500.00 for each violation of 47 U.S.C. §227;

     2.    For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

     3.    For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);

     4.    For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

     5.    For compensatory damages according to proof;

     6.    For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

     7.    For punitive damages;

     8.    For attorney's fees;

On the FOURTH CAUSE OF ACTION:

     9.    For compensatory damages according to proof;

     10.  For punitive damages;

On the FIFTH CAUSE OF ACTION:

     11.  For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

/ / /

/ / /

Complaint

On ALL CAUSES OF ACTION:

    12.  For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    13.  For costs of suit herein incurred; and

    14.  For such further relief as the Court deems proper.


DATED: November 20, 2015          **PRATO & REICHMAN, APC**



                                     /s/Christopher J. Reichman, Esq.
                                     By: Christopher J. Reichman, Esq.
                                   **Prato & Reichman, APC**
                                   Attorneys for Plaintiff
                                   PAUL SAPAN

Complaint